UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY R. HIGGINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:11CV280 ERW |
| | ) | |
| SANDRA FARRAGUT-HEMPHILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiffs for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motions, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiffs bring suit against Judge Farragut-Hemphill because she ruled against them in a state court action. This is plaintiffs third attempt to sue defendant on the same facts. See Higgins v. Farragut-Hemphill, 4:10CV508 ERW (E.D. Mo.); Higgins v. Brown, 4:10CV1314 ERW (E.D. Mo.). The previous actions were dismissed as frivolous.

Section 1915(e) dismissals have a res judicata effect on future IFP petitions. E.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993). As a result, the complaint is barred by res judicata, and the Court will dismiss this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Docs. #2, 3] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiffs' motion for appointment of counsel [Doc. #6] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 3rd day of March, 2011.

*/s/ E. Richard Webber*
_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE